On Motion to Dismiss.
The opinion of the Court was delivered by
PocirÉ, J.
The motion to dismiss this appeal, on the ground that the amount in dispute does not exceed one thousand dollars, cannot prevail.
The assets of the succession amount to $1,045.20, and this is the ,fund to be distributed, the whole of which is claimed by Marie Josephine Lassassier, in part satisfaction of her mortgage claim, amounting to $1,603.92, and $1,000 of which is claimed by the other opponent, thus making it clear that the case is within our appellate jurisdiction.
The motion to dismiss is, therefore, denied.
On the Merits.
At his death, Agenor Lessassier left an orphan child, Marie Josephine Lessassier, one of the opponents herein, issue of his first marriage, and the surviving widow of his second marriage, Yictoria Donor, the other opponent.
The contest is between these two parties, the first of whom, Marie Josephine Lessassier, claims to be a mortgage creditor of her father’s succession, in the sum above stated, being the amount of her mother’s paraphernal funds received by her father and former tutor.
The widow claims the sum of one thousand dollars, as a widow under necessitous circumstances, under the provisions of the Homestead Act of 1852.
Her claim was resisted by the administrator and rejected by the court, on the ground that the minor child of the deceased, possessing in her own right property to the amount of one thousand dollars, the widow can be allowed nothing under the homestead law, which reads as follows:
“ Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own right property to the amount of one thousand dollars, the widow, or the legal ■representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum, which added to the amount of property owned by them, or either of them, .in their own right, will make up the sum of one thousand dollars.”
Our jurisprudence has now settled beyond controversy, that if the widow or any one of the minors possess, in his or her own right $1,000, nothing can be allowed under the law now under consideration; and *1068 that this rule applies even where the minor or minors are not the issue of the surviving widow. Succession of Elliott, 31 An. 31; Succession of Melancon, 25 An. 535; Steward vs. Steward, 13 An. 398.
Without regard to the conclusion which we might reach, if we were to interpret this Statute as “res nova,” we must be guided and controlled by the rule of “ stare decisis.”
But the widow’s counsel make the point, that since the institution of those proceedings, Marie Lessassier having been emancipated, her rights of property cannot be dealt with, and carry the same effect as that of a minor, as contemplated by* the Statute.
To this argument our courts have already answered, that the rights of the minor or minors, and the widow in necessitous circumstances, must be tested under their situation or condition, at the date of the death of the deceased, and not at the date of the settlement of the succession. 27 An. 99, Succession of Marx; 18 An. 38, Succession of Norton ; Gimble vs. Goode, 13 An. 352; Succession of Wellmeyer, 34 An., not yet reported.
We, therefore, find no error in the judgment appealed from, which is affirmed; costs of appeal to be paid by opponent, widow Victoria Gonor.